MISKWABIK DEVELOPMENT ASS'N *v.* CROZE.

ADVERSE POSSESSION—EVIDENCE—SUFFICIENCY.
> In a suit to quiet title, evidence examined, and *held*, sufficient
> to sustain a finding of adverse possession.

Appeal from Keweenaw; Streeter, J. Submitted April 7, 1905. (Docket No. 41.) Decided May 12, 1905.

Bill by the Miskwabik Development Association, Limited, against Joseph Croze and others to quiet title to land. From a decree for complainant, defendants appeal. Affirmed.

*Kerr & Petermann* (*Chadbourne & Rees*, of counsel), for complainant.

*Ball & Ball,* for defendants.

HOOKER, J. John Carey died seised of the premises involved in this suit on November 28, 1870. His widow, as administratrix de bonis non, executed and delivered a mortgage upon the land, upon a foreclosure of which Stephen Pooley purchased it February 27, 1875, and conveyed to his wife in 1881. Her title, such as it was, came to the complainant through Alfred Guck, to whom she deeded in October, 1901. The suit is to quiet title, and the defendants are the heirs of John Carey.

The foreclosure proceedings are admittedly void, and passed no valid title to Pooley, but complainant's bill claims title by an adverse possession alleged to have commenced at the time of his purchase, and continued for the statutory period. Counsel for both parties agree that the only question to be considered is the sufficiency of the proof of adverse possession to sustain the decree rendered for the complainant. There is testimony showing that Pooley lived

in a village near by, where he kept hotel; that the land was generally known as the "Pooley Land," and was assessed to him, and that Pooley took wood and hay from it frequently; that he built a fence, and kept hay in a building upon it, cut brush, blew out stumps, plowed, and raised some crops. Had the action been ejectment, it would have been error to refuse to submit the question of adverse possession to the jury. We agree with the circuit judge that such possession was fairly proven.

The decree is affirmed, with costs.

CARPENTER, MCALVAY, GRANT, and MONTGOMERY, JJ., concurred.